# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| WILL FRAZIER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. 1:24-cv-00071-NCC |
| ) | |
| MICHELLE BUCKNER, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Will Frazier, Jr., an inmate at the Northeast Correctional Center. The Court has reviewed the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and finds it is an unauthorized successive petition. The Court will therefore dismiss it without prejudice.

## Background

Petitioner is in custody pursuant to the judgment of conviction entered in the matter *State v. Frazier,* No. 16CG-CR01744-01 (32nd Jud. Cir. 2017). In that case, a jury convicted Petitioner of assault, and on July 3, 2017, the court sentenced him to serve 15 years in prison.

On or about March 28, 2022, while in custody pursuant to the judgment in *State v. Frazier,* Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in this Court. *See Frazier v. Buckner,* No. 1:22-CV-00041-RWS (E.D. Mo. 2022) ("*Frazier I*"). Petitioner challenged the judgment of conviction in *State v. Frazier,* and asserted claims of trial court error and ineffective assistance of counsel. On October 25, 2022, the Court denied and dismissed the

Petition after finding that Petitioner's claims were meritless, procedurally defaulted, or did not present a basis for federal relief. Petitioner did not appeal.

### The Instant Petition

Petitioner filed the instant petition on or about April 8, 2024. He challenges the judgment of conviction in *State v. Frazier,* No. 16CG-CR01744-01, the same judgment he challenged in *Frazier I*. Petitioner states he sought relief in the Missouri Supreme Court in November of 2023 in the matter *Frazier v. Buckner,* No. SC100340 (2023). Review of the public records available on Missouri Case.net shows that Petitioner filed a petition for writ of habeas corpus on November 22, 2023, and the Missouri Supreme Court denied and dismissed it on November 29, 2023. Petitioner states that the instant petition is timely because he filed it within one year of that date.

Petitioner asserts claims of trial court error in *State v. Frazier*. He makes no attempt to assert a claim of defect or error in *Frazier I*, or seek relief from the judgment entered in that case.

### Discussion

Petitioner asserts federal bases for relief from the judgment in *State v. Frazier,* the same judgment he challenged in *Frazier I*. *Frazier I* was an adjudication on the merits that would render future § 2254 petitions challenging the same judgment "second or successive" petitions under 28 U.S.C. § 2244. The Court finds the instant petition is a second or successive petition.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition permitted by § 2244(b) is filed in this Court, the petitioner must obtain an order from the Eighth Circuit Court of

Appeals authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). That requirement is jurisdictional. *Burton*, 549 U.S. at 152.

There is no indication that Petitioner sought, much less obtained, the necessary authorization before filing the instant petition. As a result, the Court concludes it lacks jurisdiction to consider the petition. The Court finds it would not be in the interest of justice to transfer this case to the United States Court of Appeals for the Eighth Circuit, and will instead dismiss the petition.

The Court has considered whether to issue a certificate of appealability. To do so in this case, the Court must find "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court does not find this procedural ruling to be one that can be reasonably disputed, and will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** without prejudice as an unauthorized successive habeas application. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 5th day of June, 2024.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE